E-FILED
Friday, 08 May, 2026  12:11:34 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER LEWIS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-1151 |
| | ) | |
| MONICA DURAN *et al.*, | ) | |
| Defendants. | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Christopher Lewis, an inmate at Lincoln Correctional Center ("Lincoln"). Plaintiff has also filed Motions for Status (Docs. 8, 12).

I.       **Complaint**

A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Factual Allegations

Plaintiff alleges violations at the McLean County Detention Center ("Jail") against the following Defendants: physicians William Dennis and Monica Duran, Superintendent Matthew Proctor, Supervisor Alana Strum, County Administrator Casy Taylor, and Advanced Correctional Healthcare ("Advanced").

Plaintiff's allegations originate from injuries to his knee and Achilles heel and the pain he experienced from those medical conditions, which he states causes him to walk with a severe limp. (Compl., Doc. 1 at 5.) Plaintiff claims that he made several sick call requests and filed grievances concerning his condition but was not seen or treated for his medical condition.

### C. Analysis

To prevail on a claim alleging inadequate medical care, a pretrial detainee must prove three elements: (1) the medical condition is or was objectively serious; (2) the defendant acted purposefully, knowingly, or recklessly concerning the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, not rationally related to a legitimate governmental objective. *Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019); *see also Bell v. Blaesing*, 844 F. App'x 924, 925 (7th Cir. 2021) ("[A]s a civil detainee, [the plaintiff] needed to plead only that [the defendant's] care was objectively unreasonable rather than deliberately indifferent.").

The Court finds that Plaintiff's account is sufficient to state a Fourteenth Amendment claim against Defendants Dennis, Duran, and Proctor for not providing medical treatment for Plaintiff's knee and heel conditions. However, Plaintiff's account fails to state a plausible claim for relief against Defendants Strum, Taylor, or Advanced.

Plaintiff names Defendant Strum, claiming that as the "medical supervisor," Strum "is responsible for the actions of those in medical." (Compl., Doc. 1 at 8.) However, supervisors cannot be held liable under the respondeat superior doctrine. *Jones v. Chicago*, 856 F.2d 985, 992 (7th Cir. 1988); *see also Lennon v. City of Carmel*, 865 F.3d 503, 507–08 (7th Cir. 2017) ("[T]here is no vicarious liability in a suit under section 1983."); *Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates.").

Plaintiff also names Defendants Strum and Taylor for "refusing to escalate [his] grievances," which also fails to state a plausible claim. (Compl., Doc. 1 at 7.) An ineffective or absent grievance procedure is not a constitutional claim. *See Daniel v. Cook County*, 833 F.3d 728, 736 (7th Cir. 2016) ("[T]he Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create a constitutionally guaranteed right."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (concluding that "the alleged mishandling of [an inmate's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim").

Defendant Advanced can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread

and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby [clarify] that municipal liability is limited to action for which the municipality is … responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphases in original).

Plaintiff does not state a claim against Defendant Advanced as he does not allege that a policy was the direct cause or moving force behind any constitutional violation. *See Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014) ("The plaintiff . . . must establish a causal link between the corporation's policy (or lack of policy) and the plaintiff's injury."); *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012) ("To establish municipal liability, a plaintiff must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights.") (quoting *Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007)).

## II.    Change of Address and Status

The Court review shows that Plaintiff has been released from the Illinois Department of Corrections on mandatory supervised release but has not updated his address as directed in the Court's Notice of Case Opening [2]. *See* Individual in Custody Search for Christopher M. Lewis, IDOC No. Y70887, https://idoc.illinois.gov/offender

/inmatesearch.html (last visited May 7, 2026) (showing Plaintiff's status as Parole).

The Court directs Plaintiff to file a Notice of Change of Address within fourteen days from the entry of the Court Merit Review Order that reflects his current address as mandated by the Court's Case Opening Notice. (Doc. 2 at 1.) Failure to comply will result in the dismissal of Plaintiff's suit absent good cause.

Plaintiff's Motions for Status (Docs. 8, 12) are moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1)  **The Court DIRECTS Plaintiff to file a Notice of Change of Address within fourteen days from the entry of the Court's Order.**

2)  **Plaintiff's Motions for Status (Docs. 8, 12) are MOOT.**

3)  **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a Fourteenth Amendment objectively unreasonable medical care claim against Defendants Dennis, Duran, and Proctor. Plaintiff's claim against Defendants proceeds in their individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4)  **The Clerk of the Court is DIRECTED to terminate Alana Strum, Casy Taylor, and Advanced Correctional Healthcare as parties.**

5)  **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

6)  **The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status**

of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

9) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.

10) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

12) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will

require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

13) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

14) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED May 8, 2026.

s/ *Colleen R. Lawless*

_____

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE